

**United States
District Court**
**Eastern District of Washington**
Office of the Clerk

**JAMES R. LARSEN**
District Court Executive/Clerk of Court

April 30, 2008

# FILED

MAY – 7 2008

**RICHARD W. WIEKING**
CLERK, U.S. DISTRICT COURT
**NORTHERN DISTRICT OF CALIFORNIA**

United States District Court
Phillip Burton United States Courthouse
16th Floor
450 Golden Gate Avenue
San Francisco, CA 94102-3434

CR 08·224 CRB

Attention:    Criminal Section

In Re:    USA vs  Cheryl Marie Rogers
Eastern District of Washington Case No.:  CR-97-0028-WFN

Dear Sir or Madam:

Enclosed please find a certified copy of the Transfer of Jurisdiction. Also enclosed are certified copies of the Indictment, Judgment in a criminal case, and public docket sheet. The financial information will be sent under separate cover.

Please acknowledge receipt of this letter on the copy and return it to our office. Thank you.

JAMES R. LARSEN, CLERK

By: s/Virginia Reisenauer, Deputy Clerk

Enclosures

I ACKNOWLEDGE RECEIPT OF THE ABOVE-REFERENCED DOCUMENTS ON
DATE: _____.

By: _____
       Deputy Clerk

| PROB 22 (Rev. 2/88) | | DOCKET NUMBER *(Tran. Court)* |
|---|---|---|
| **TRANSFER OF JURISDICTION** | | 2:97CR00028-001 *-WFN* |
| | | DOCKET NUMBER *(Rec. Court)* |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE: | DISTRICT | DIVISION |
|---|---|---|
| Cheryl Marie Rogers  FILED IN THE U.S. DISTRICT COURT EASTERN DISTRICT OF WASHINGTON  APR 2 2 2008  JAMES R. LARSEN, CLERK _____ DEPUTY SPOKANE, WASHINGTON | EASTERN DISTRICT OF WASHINGTON | Spokane |

| | NAME OF SENTENCING JUDGE |
|---|---|
| | The Honorable Robert H. Whaley |

| DATES OF PROBATION/SUPERVISED RELEASE: | FROM | TO |
|---|---|---|
| | 02/012008 | 01/31/ 2113 |

Count 1-Conspiracy to Possess With Intent to Distribute and Distribute Methamphetamine, Amphetamine, and Cocaine, in violation of 21 U.S.C. § 846;
Count 2-Possession With Intent to Distribute Methamphetamine, in violation of 21 U.S.C. § 841(a)(1).

---

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE "EASTERN DISTRICT OF WASHINGTON"

   IT IS HEREBY ORDERED that pursuant to 18 U.S.C. § 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of the Court to the United States District Court for the Northern District of California upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this Court.*

March 13, 2008 | Fred Van Sickle
--- | ---
*Date* | *United States District Judge*

*This sentence may be deleted in the discretion of the transferring Court.

ATTEST A True Copy
JAMES R. LARSEN, CLERK
United States District Court
Eastern District of Washington
By _____

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE Northern District of California

   IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

21 March 2008 |
--- | ---
*Effective Date* | *United States District Judge*

RECEIVED

# Transfer Documents
2:97-cr-00028-RHW USA v. Rogers **CASE CLOSED on 10/28/1997**

### Eastern District of Washington

### U.S. District Court

## Notice of Electronic Filing

The following transaction was entered on 4/22/2008 at 11:37 AM PDT and filed on 4/22/2008
**Case Name:**      USA v. Rogers
**Case Number:**    2:97-cr-28
**Filer:**
**Document Number:** 84

## Docket Text:
**Supervised Release Jurisdiction Transferred to Northern District of California as to Cheryl M Rogers. (VR, Case Administrator)**

### 2:97-cr-28-1 Notice has been electronically mailed to:

Earl Allan Hicks    USAWAE.EHicksECF@usdoj.gov

### 2:97-cr-28-1 Notice has been delivered by other means to:

Brian Clayton O'Brien
Spokane County Prosecutor's Office
1100 W Mallon
Spokane, WA 99260

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1069357611 [Date=4/22/2008] [FileNumber=910148-0]
[3a37d5d3e4381d856092e1c3d5cecc11ba2f7b12be36331d30a135e1335d3fbc1d34
481c1690da863954e4036f2d6919a0f768600a6eec3be67d2266e51805f2]]

FILED IN THE
U.S. DISTRICT COURT
Eastern District of Washington

FEB 11 1997

JAMES R. LARSEN, Clerk
_____ Deputy

1 | JAMES P. CONNELLY
UNITED STATES ATTORNEY
2 | Eastern District of Washington
EARL A. HICKS
3 | Assistant United States Attorney
Post Office Box 1494
4 | Spokane, WA 99210-1494
Telephone: (509) 353-2767

5

6

7 |                    UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF WASHINGTON
8

9 |          CR-97-028-WFN

10

UNITED STATES OF AMERICA      )
11 |                           )
                 Plaintiff,   )
12 |                           )          INDICTMENT
        vs.                   )
13 |                          )   Vio: 21 U.S.C. 846
                              )        Conspiracy To Possess
14 | JACK THOMAS LAMERE,      )        With Intent To Distribute
SHANNON GREEN,               )        And Distribute
15 | DEBORAH STEPHANIE LONGO, )        Methamphetamine And
DEBRA LYNN COCHRAN,          )        Cocaine (Count 1)
16 | MONICA FORREST,          )
RICHARD ALLEN FORREST, and   )   Vio: 21 U.S.C. 841(a)(1) and
17 | CHERYL M. ROGERS,        )        18 U.S.C. 2
                              )        Distribution Of
18 |        Defendants.       )        Methamphetamine (Counts 2
                              )        - 5)
19 |                          )
                              )   Vio: 21 U.S.C. 841(a)(1) and
20 |                          )        18 U.S.C. 2
                              )        Possess With Intent To
21 |                          )        Distribute
                              )        Methamphetamine (Counts 6
22 |                          )        - 7, 10 - 11)
                              )
23 |                          )   Vio: 21 U.S.C. 841(a)(1) and
                              )        18 U.S.C. 2
24 |                          )        Possess With Intent To
                              )        Distribute Cocaine
25 |                          )        (Counts 8 - 9)
                              )
26 |                          )   Vio: 21 U.S.C. 843(b) and 18
                              )        U.S.C. 2
27 |                          )

28

INDICTMENT - 1
P70210LC.EHB

1 | )    Use of Communication
2 | )    Facility in a Drug
  | )    Trafficking Crime (Counts
3 | )    12 - 15)

4    The Grand Jury Charges:

5                              COUNT 1

6    That beginning on a date unknown to the grand jury but by on

7 or about October 25, 1996, until on or about February 11, 1997, in

8 the Eastern District of Washington, JACK THOMAS LAMERE, SHANNON

9 GREEN, DEBORAH STEPHANIE LONGO, DEBRA LYNN COCHRAN, MONICA FORREST,

10 RICHARD ALLEN FORREST, and CHERYL M. ROGERS, defendants herein, did

11 willfully, and knowingly combine, conspire, confederate and agree

12 together with each other and with other persons, both known and

13 unknown to the grand jury, to commit the following offense against

14 the United States, to wit:   Possession With Intent To Distribute

15 Methamphetamine And Cocaine and Distribution Of Methamphetamine And

16 Cocaine, in violation of 21 U.S.C. 841(a)(1); all in violation of

17 21 U.S.C. 846.

18                             COUNT 2

19    That on or about November 12, 1996, in the Eastern District of

20 Washington, JACK THOMAS LAMERE, SHANNON GREEN, DEBORAH STEPHANIE

21 LONGO, DEBRA LYNN COCHRAN, MONICA FORREST, RICHARD ALLEN FORREST,

22 and CHERYL M.   ROGERS, defendants herein, did knowingly and

23 unlawfully Distribute Methamphetamine, a Schedule II narcotic

24 controlled substance, in violation of 21 U.S.C. 841(a)(1) and 18

25 U.S.C. 2.

26

27

28
    INDICTMENT - 2
    P70210LC.EHB

1

COUNT 3

2      That on or about November 13, 1996, in the Eastern District of
3  Washington, JACK THOMAS LAMERE, SHANNON GREEN, DEBORAH STEPHANIE
4  LONGO, DEBRA LYNN COCHRAN, MONICA FORREST, RICHARD ALLEN FORREST,
5  and  CHERYL  M.  ROGERS,  defendants  herein,  did  knowingly  and
6  unlawfully  Distribute  Methamphetamine,  a  Schedule  II  narcotic
7  controlled substance, in violation of 21 U.S.C. 841(a)(1) and 18
8  U.S.C. 2.

9

COUNT 4

10      That on or about November 21, 1996, in the Eastern District of
11  Washington, JACK THOMAS LAMERE, SHANNON GREEN, DEBORAH STEPHANIE
12  LONGO, DEBRA LYNN COCHRAN, MONICA FORREST, RICHARD ALLEN FORREST,
13  and  CHERYL  M.  ROGERS,  defendants  herein,  did  knowingly  and
14  unlawfully  Distribute  Methamphetamine,  a  Schedule  II  narcotic
15  controlled substance, in violation of 21 U.S.C. 841(a)(1) and 18
16  U.S.C. 2.

17

COUNT 5

18      That on or about November 21, 1996, in the Eastern District of
19  Washington, JACK THOMAS LAMERE, SHANNON GREEN, DEBORAH STEPHANIE
20  LONGO, DEBRA LYNN COCHRAN, MONICA FORREST, RICHARD ALLEN FORREST,
21  and  CHERYL  M.  ROGERS,  defendants  herein,  did  knowingly  and
22  unlawfully attempt to Distribute Methamphetamine, a Schedule II
23  narcotic controlled substance, in violation of 21 U.S.C. 841(a)(1)
24  and 18 U.S.C. 2.

25

COUNT 6

26      That on or about October 25, 1996, in the Eastern District of
27  Washington, JACK THOMAS LAMERE, SHANNON GREEN, DEBORAH STEPHANIE

28

INDICTMENT - 3
P70210LC.EHB

 1  LONGO, DEBRA LYNN COCHRAN, MONICA FORREST, RICHARD ALLEN FORREST,
 2  and CHERYL M. ROGERS, defendants herein, did knowingly and
 3  unlawfully possess with intent to Distribute Methamphetamine, a
 4  Schedule II narcotic controlled substance, in violation of 21
 5  U.S.C. 841(a)(1) and 18 U.S.C. 2.

 6                              COUNT 7

 7      That on or about December 26, 1996, in the Eastern District of
 8  Washington, JACK THOMAS LAMERE, SHANNON GREEN, DEBORAH STEPHANIE
 9  LONGO, DEBRA LYNN COCHRAN, MONICA FORREST, RICHARD ALLEN FORREST,
10  and CHERYL M. ROGERS, defendants herein, did knowingly and
11  unlawfully Possess With Intent To Distribute Methamphetamine, a
12  Schedule II narcotic controlled substance, in violation of 21
13  U.S.C. 841(a)(1) and 18 U.S.C. 2.

14                              COUNT 8

15      That on or about October 25, 1996, in the Eastern District of
16  Washington, JACK THOMAS LAMERE, SHANNON GREEN, DEBORAH STEPHANIE
17  LONGO, DEBRA LYNN COCHRAN, MONICA FORREST, RICHARD ALLEN FORREST,
18  and CHERYL M. ROGERS, defendants herein, did knowingly and
19  unlawfully Possess With Intent To Distribute Cocaine, a Schedule II
20  narcotic controlled substance, in violation of 21 U.S.C. 841(a)(1)
21  and 18 U.S.C. 2.

22                              COUNT 9

23      That on or about February 4, 1997, in the Eastern District of
24  Washington, JACK THOMAS LAMERE, SHANNON GREEN, DEBORAH STEPHANIE
25  LONGO, DEBRA LYNN COCHRAN, MONICA FORREST, RICHARD ALLEN FORREST,
26  and CHERYL M. ROGERS, defendants herein, did knowingly and
27  unlawfully Possess With Intent To Distribute Cocaine, a Schedule II

28

1  narcotic controlled substance, in violation of 21 U.S.C. 841(a)(1)

2  and 18 U.S.C. 2.

3                                COUNT 10

4       That on or about February 4, 1997, in the Eastern District of

5  Washington, JACK THOMAS LAMERE, SHANNON GREEN, DEBORAH STEPHANIE

6  LONGO, DEBRA LYNN COCHRAN, MONICA FORREST, RICHARD ALLEN FORREST,

7  and CHERYL M. ROGERS, defendants herein, did knowingly and

8  unlawfully Possess With Intent To Distribute Methamphetamine, a

9  Schedule II narcotic controlled substance, in violation of 21

10  U.S.C. 841(a)(1) and 18 U.S.C. 2.

11                               COUNT 11

12       That on or about February 4, 1997, in the Eastern District of

13  Washington, JACK THOMAS LAMERE, SHANNON GREEN, DEBORAH STEPHANIE

14  LONGO, DEBRA LYNN COCHRAN, MONICA FORREST, RICHARD ALLEN FORREST,

15  and CHERYL M. ROGERS, defendants herein, did knowingly and

16  unlawfully Possess With Intent To Distribute Methamphetamine, a

17  Schedule II narcotic controlled substance, in violation of 21

18  U.S.C. 841(a)(1) and 18 U.S.C. 2.

19                               COUNT 12

20       On or about November 12, 1996, at approximately 6:26 p.m., in

21  the Eastern District of Washington, JACK THOMAS LAMERE, SHANNON

22  GREEN, DEBORAH STEPHANIE LONGO, DEBRA LYNN COCHRAN, MONICA FORREST,

23  RICHARD ALLEN FORREST, and CHERYL M. ROGERS, defendants herein, did

24  knowingly, willfully, and intentionally did unlawfully use a

25  communications facility, that is a telephone, for the purpose of

26  facilitating the commission of an act constituting a felony under

27  the Controlled Substances Act, to wit: Conspiracy to Possess With

28

INDICTMENT - 5
P70210LC.EHB

1  Intent To Distribute and Distribute Methamphetamine And Cocaine;
2  Distribution of Methamphetamine; Possession With Intent To
3  Distribute Methamphatemine; and Possession With Intent To
4  Distribute Cocaine, Schedule II narcotic controlled substances, in
5  violation of 21 U.S.C. 846 and 841(a)(1), all in violation of 21
6  U.S.C. 843 and 18 U.S.C. 2.

7                              COUNT 13

8      On or about November 13, 1996, at approximately 3:50 p.m., in
9  the Eastern District of Washington, JACK THOMAS LAMERE, SHANNON
10  GREEN, DEBORAH STEPHANIE LONGO, DEBRA LYNN COCHRAN, MONICA FORREST,
11  RICHARD ALLEN FORREST, and CHERYL M. ROGERS, defendants herein, did
12  knowingly, willfully, and intentionally did unlawfully use a
13  communications facility, that is a telephone, for the purpose of
14  facilitating the commission of an act constituting a felony under
15  the Controlled Substances Act, to wit: Conspiracy to Possess With
16  Intent To Distribute and Distribute Methamphetamine and Cocaine;
17  Distribution of Methamphetamine; Possession With Intent To
18  Distribute Methamphatemine; and Possession With Intent To
19  Distribute Cocaine, Schedule II narcotic controlled substances, in
20  violation of 21 U.S.C. 846 and 841(a)(1), all in violation of 21
21  U.S.C. 843 and 18 U.S.C. 2.

22                              COUNT 14

23      On or about November 21, 1996, in the Eastern District of
24  Washington, JACK THOMAS LAMERE, SHANNON GREEN, DEBORAH STEPHANIE
25  LONGO, DEBRA LYNN COCHRAN, MONICA FORREST, RICHARD ALLEN FORREST,
26  and CHERYL M. ROGERS, defendants herein, did knowingly, willfully,
27  and intentionally did unlawfully use a communications facility,

28

1 that is a telephone, for the purpose of facilitating the commission
2 of an act constituting a felony under the Controlled Substances
3 Act, to wit: Conspiracy to Possess With Intent To Distribute and
4 Distribute    Methamphetamine    and    Cocaine;    Distribution    of
5 Methamphetamine;    Possession    With    Intent    To    Distribute
6 Methamphatemine; and Possession With Intent To Distribute Cocaine,
7 Schedule II narcotic controlled substances, in violation of 21
8 U.S.C. 846 and 841(a)(1), all in violation of 21 U.S.C. 843 and 18
9 U.S.C. 2.

10                              COUNT 15

11      On or about November 27, 1996, in the Eastern District of
12 Washington, JACK THOMAS LAMERE, SHANNON GREEN, DEBORAH STEPHANIE
13 LONGO, DEBRA LYNN COCHRAN, MONICA FORREST, RICHARD ALLEN FORREST,
14 and CHERYL M. ROGERS, defendants herein, did knowingly, willfully,
15 and intentionally did unlawfully use a communications facility,
16 that is a telephone, for the purpose of facilitating the commission
17 of an act constituting a felony under the Controlled Substances
18 Act, to wit: Conspiracy to Possess With Intent To Distribute and
19 Distribute    Methamphetamine    and    Cocaine;    Distribution    of
20 Methamphetamine;    Possession    With    Intent    To    Distribute
21 Methamphatemine; and Possession With Intent To Distribute Cocaine,
22 Schedule II narcotic controlled substances, in violation of 21

23
24
25
26
27
28
     INDICTMENT - 7
     P70210LC.EHB

1 | U.S.C. 846 and 841(a)(1), all in violation of 21 U.S.C. 843 and 18

2 | U.S.C. 2.

3 |     DATED this ____11th____ day of February, 1997.

4 |                               A TRUE BILL

5 |

6 | James P. Connelly                     John W. Ellis
     JAMES P. CONNELLY                     Foreman
7 | United States Attorney

8 |

9 | JAMES B. CRUM
     Assistant United States Attorney

10 |

11 | EARL A. HICKS                         ATTEST A True Copy
                                           JAMES R. LARSEN, CLERK
12 | Assistant United States Attorney       United States District C
                                           Eastern District of Was
13 |                                        By
                                              Deputy

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |
     INDICTMENT - 8
     P70210LC.EHB

AO 245B (Rev. 8/96) Sheet 1 - Judgment in a Criminal Case

# United States District Court OCT 28 1997

## Eastern District of Washington    JAMES R. LARSEN, CLERK

UNITED STATES OF AMERICA
v.
**Cheryl M. Rogers**

**JUDGMENT IN A CRIMINAL CASE**    DEPUTY

(For Offenses Committed On or After November 1, 1987)

Case Number:  **2:97CR00028-001**

**Brian C. O'Brien**

Defendant's Attorney

### THE DEFENDANT:

☒ pleaded guilty to count(s)  **SS1 & SS2**

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. §  846 | Consp. to Poss. with intent to Distr. & Distr. Methamphetamine, Amphetamine & Cocaine 21 USC 841 (a)(1) | 02/11/1997 | SS1 |
| 21 U.S.C. §  841 (a)(1) | Possession with Intent to Distribute Methamphetamine 18 USC 2 | 02/04/1997 | SS12 |

The defendant is sentenced as provided in pages 2 through  _7_  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☒ Count(s)  **Remaining Counts**                    are dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec.

Defendant's Date of Bir

Defendant's USM No.:

Defendant's Residence

**2735 Highway 395**

**Valley**            **WA**    99181

10/16/1997

Date of Imposition of Judgment

Signature of Judicial Officer

**Robert H. Whaley**

**U.S. District Judge**

Name & Title of Judicial Officer

_10/28/97_

Date

Defendant's Mailing Address:

**2735 Highway 395**

**Valley**        **WA**    **99181**

ATTEST A True Copy
JAMES R. LARSEN, CLERK
United States District Court
Eastern District of Washington
By _____ Deputy Clerk

52

DEFENDANT:    **Cheryl M. Rogers**
CASE NUMBER:    **2:97CR00028-001**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of ___**150**___ **month(s)** ___.

☒    The court makes the following recommendations to the Bureau of Prisons:

**Substance abuse treatment and counseling while incarcerated.**

☒    The defendant is remanded to the custody of the United States Marshal.

☐    The defendant shall surrender to the United States Marshal for this district:

    ☐    at _____ a.m./p.m.  on _____ .

    ☐    as notified by the United States Marshal.

☐    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐    before 2 p.m. on _____ .

    ☐    as notified by the United States Marshal.

    ☐    as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

DEFENDANT:        **Cheryl M. Rogers**

CASE NUMBER:      **2:97CR00028-001**

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of ____5____ year(s) .

14)  **Substance abuse testing/treatment/counseling as directed by the Probation Dept.**
15)  **Subject to search of person/automobile/residence as directed by the Probation Dept.**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐  The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒  The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below) . The defendant shall also comply with the additional conditions on the attached page (if indicated below).

## STANDARD CONDITIONS OF SUPERVISION

1)  the defendant shall not leave the judicial district without the permission of the court or probation officer;
2)  the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3)  the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4)  the defendant shall support his or her dependents and meet other family responsibilities;
5)  the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6)  the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7)  the defendant shall refrain from excessive use of alcohol;
8)  the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9)  the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10)  the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11)  the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12)  the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13)  as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: **Cheryl M. Rogers**

CASE NUMBER: **2:97CR00028-001**

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| **Totals:** | $         200.00 | $ | $ |

☐ If applicable, restitution amount ordered pursuant to plea agreement . . . . . . . . . . . . .    $ _____

# FINE

The above fine includes costs of incarceration and/or supervision in the amount of $ _____ .

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ The interest requirement is waived.

    ☐ The interest requirement is modified as follows:

# RESTITUTION

☐ The determination of restitution is deferred until _____ . An Amended Judgment in a Criminal Case will be entered after such a determination.

☐ The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | * Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
|  |  |  |  |
| Totals: | $ _____ | $ _____ |  |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245B (Rev. 8/96) Sheet 5, Part B - Criminal Monetary Penalties   Case 3:08-cr-00022-CRB   Document 2   Filed 05/07/2008   Page 16 of 37

Judgment-Page __5__ of __7__

DEFENDANT:       **Cheryl M. Rogers**
CASE NUMBER:     **2:97CR00028-001**

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A  ☒  in full immediately; or

B  ☐  $ _____ immediately, balance due (in accordance with C, D, or E); or

C  ☐  not later than _____ ; or

D  ☐  in installments to commence _____ day(s) after the date of this judgment. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E  ☐  in _____ (e.g. equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ year(s) to commence _____ day(s) after the date of this judgment.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

Special instructions regarding the payment of criminal monetary penalties:

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program are to be made as directed by the court, the probation officer, or the United States attorney.

DEFENDANT:    **Cheryl M. Rogers**

CASE NUMBER:    **2:97CR00028-001**

# STATEMENT OF REASONS

☐ The court adopts the factual findings and guideline application in the presentence report.

## OR

☒ The court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary):

**The Court found, that Defendant has an extraordinary history of physical and mental abuse, and that she suffers from Battered Woman's Syndrome. Pursuant to USSG 5k2.0 the court departed downward three points in the offense level, from 34 to 31, finding that the foregoing facts were not contemplated by the Sentencing Commission when establishing the offense**

**Guideline Range Determined by the Court:**

    Total Offense Level:    **31**

    Criminal History Category:    **III**

    Imprisonment Range:    **135 to 168 months**

    Supervised Release Range:    **3 to 5 years**

    Fine Range: $ ___17,500.00___ to $ ___175,000.00___

    ☐ Fine waived or below the guideline range because of inability to pay.

Total Amount of Restitution: $ _____

    ☐ Restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(d).

    ☐ For offenses committed on or after September 13, 1994 but before April 23, 1996 that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the forseeable future under any reasonable schedule of payments.

    ☐ Partial restitution is ordered for the following reason(s):

☐ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

## OR

☒ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):

**See above.**

## OR

☐ The sentence departs from the guideline range:

    ☐ upon motion of the government, as a result of defendant's substantial assistance.

    ☐ for the following specific reason(s):

DEFENDANT: Cheryl M. Rogers
CASE NUMBER: 2: 97CR00028-001                    Judgment-Page 7 of 7

Continued from page 6:

level for these charges. Additionally, the court departed downward from category IV to III
because, as a result of these same considerations, Defendant's criminal history significantly over-
represents the seriousness of her criminal history.

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
(NOTE: Identify Changes with Asterisks (*))

NOV - 6 1997

JAMES A. LARSEN, CLERK

_____ DEPUTY

# United States District Court
## Eastern District of Washington

UNITED STATES OF AMERICA

v.

**Cheryl M. Rogers**

**Date of Original Judgment:**   10/16/1997
*(or Date of Last Amended Judgment)*

### AMENDED JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

Case Number:   **2:97CR00028-001**

**Brian C. O'Brien**
Defendant's Attorney

## Reason for Amendment:

☐ Correction of Sentence on Remand (Fed. R. Crim. P. 35(a))

☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))

☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(c))

☒ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Modification of Supervision Conditions (18 U.S.C. § 3563(c) or 3583(e))

☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))

☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))

☐ Direct Motion to District Court Pursuant to     ☐ 28 U.S.C. § 2255,
☐ 18 U.S.C. § 3559(c)(7), or     ☐ Modification of Restitution Order

## THE DEFENDANT:

☒ pleaded guilty to count(s)   **\* SS1 & SS12**

☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.

☐ was found guilty on count(s) _____ after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C.  §  846 | Consp. to Poss. with intent to Distr. & Distr. Methamphetamine, Amphetamine & Cocaine 21 USC 841 (a)(1) | 02/11/1997 | SS1 |
| 21 U.S.C.  §  841 (a)(1) | Possession with Intent to Distribute Methamphetamine 18 USC 2 | 02/04/1997 | SS12 |

The defendant is sentenced as provided in pages 2 through ___7___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☒ Count(s) __Remaining Counts__     are dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully pai ·

Defendant's Soc. Sec. No.: _____

Defendant's Date of Birth: _____

Defendant's USM No.: _____

Defendant's Residence Add _____

**\* 2735 Highway 395** _____

**Valley**                              **WA**     **99181**

Defendant's Mailing Address:

**\* 2735 Highway 395** ·

**Valley**                              **WA**     **99181**

10/16/1997
Date of Imposition of Judgment

*Signature of Judicial Officer*

**The Honorable Robert H. Whaley**

**U.S. District Judge**
Name & Title of Judicial Officer

$11 - 6 - 97$
Date

ATTEST A TRUE COPY
JAMES R. LARSEN, CLERK
United States District Court
Eastern District of Washington
By _____
Deputy Clerk

73

Judgment-Page    2    of    7

DEFENDANT:        **Cheryl M. Rogers**

CASE NUMBER:      **2:97CR00028-001**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of _____ **150    month(s)** _____ .

☒   The court makes the following recommendations to the Bureau of Prisons:

**Substance abuse treatment and counseling while incarcerated.**

☒   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:

☐   at _____ a.m./p.m.   on _____ .

☐   as notified by the United States Marshal.

☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐   before 2 p.m. on _____ .

☐   as notified by the United States Marshal.

☐   as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

Case 3:08-cr-00224-CRB    Document 2    Filed 05/07/2008    Page 21 of 37

AO 245C (Rev. 8/96) Amended Judgment in a Criminal Case: Sheet 3 - Supervised Release    (NOTE: Identify Changes with Asterisks (*))

Judgment-Page    3    of    7

DEFENDANT:    **Cheryl M. Rogers**

CASE NUMBER:    **2:97CR00028-001**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of    **5    year(s)** .

14) **Substance abuse testing/treatment/counseling as directed by the Probation Dept.**
15) **Subject to search of person/automobile/residence as directed by the Probation Dept.**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below) . The defendant shall also comply with the additional conditions on the attached page (if indicated below).

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Case 3:08-cr-00224-CRB  Document 2  Filed 05/07/2008  Page 22 of 37
AO 245C (Rev. 8/96) Amended Judgment in a Criminal Case: Sheet 5, Part A - Criminal Monetary Penalties
(NOTE: Identify Changes with Asterisks (*))

Judgment-Page __4__ of __7__

DEFENDANT: **Cheryl M. Rogers**

CASE NUMBER: **2:97CR00028-001**

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

| | | **Assessment** | | **Fine** | | **Restitution** |
|---|---|---|---|---|---|---|
| **Totals:** | $ | 200.00 | $ | | $ | |

☐ If applicable, restitution amount ordered pursuant to plea agreement . . . . . . . . . . . .     $ _____

## FINE

The above fine includes costs of incarceration and/or supervision in the amount of     $ _____

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ The interest requirement is waived.

☐ The interest requirement is modified as follows:

## RESTITUTION

☐ The determination of restitution is deferred until _____ . An Amended Judgment in a Criminal Case will be entered after such a determination.

☐ The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | * Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| | | | |

| | **Totals:** | $ _____ | $ _____ |
|---|---|---|---|

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

Case 3:08-cr-00224-CRB    Document 2    Filed 05/07/2008    Page 23 of 37

· DEFENDANT:        **Cheryl M. Rogers**

CASE NUMBER:       **2:97CR00028-001**

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A   ☒   in full immediately; or

B   ☐   $ _____ immediately, balance due (in accordance with C, D, or E); or

C   ☐   not later than _____ ; or

D   ☐   in installments to commence _____ day(s) after the date of this judgment. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E   ☐   in _____ (e.g. equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ year(s) to commence _____ day(s) after the date of this judgment.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

Special instructions regarding the payment of criminal monetary penalties:

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program are to be made as directed by the court, the probation officer, or the United States attorney.

·DEFENDANT:    **Cheryl M. Rogers**

CASE NUMBER:    **2:97CR00028-001**

# STATEMENT OF REASONS

☐ The court adopts the factual findings and guideline application in the presentence report.

## OR

☒ The court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary):

**The Court found, that Defendant has an extraordinary history of physical and mental abuse, and that she suffers from Battered Woman's Syndrome. Pursuant to USSG 5k2.0 the court departed downward three points in the offense level, from 34 to 31, finding that the foregoing facts were not contemplated by the Sentencing Commission when establishing the offense**

**Guideline Range Determined by the Court:**

Total Offense Level:    **31**

Criminal History Category:    **III**

Imprisonment Range:    **135 to 168 months**

Supervised Release Range:    **3 to 5 years**

Fine Range: $ ___**17,500.00**___ to $ ___**175,000.00**___

    ☐ Fine waived or below the guideline range because of inability to pay.

Total Amount of Restitution: $ _____

    ☐ Restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(d).

    ☐ For offenses committed on or after September 13, 1994 but before April 23, 1996 that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the forseeable future under any reasonable schedule of payments.

    ☐ Partial restitution is ordered for the following reason(s):

    ☐ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

## OR

☒ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):

**See above.**

## OR

☐ The sentence departs from the guideline range:

    ☐ upon motion of the government, as a result of defendant's substantial assistance.

    ☐ for the following specific reason(s):

DEFENDANT:  Cheryl M. Rogers
CASE NUMBER:  2: 97CR00028-001                    Judgment-Page 7 of 7

Continued from page 6:

level for these charges.  Additionally, the court departed downward from category IV to III
because, as a result of these same considerations, Defendant's criminal history significantly over-
represents the seriousness of her criminal history.

CLOSED, LOCATION-CUSTODY

## Eastern District of Washington
## U.S. District Court (Spokane)
## CRIMINAL DOCKET FOR CASE #: 2:97-cr-00028-RHW-1

Case title: USA v. Rogers

Date Filed: 02/11/1997
Date Terminated: 10/28/1997

Assigned to: Chief Judge Robert H. Whaley

### Defendant (1)

**Cheryl M Rogers**
*TERMINATED: 10/28/1997*

represented by **Brian Clayton O'Brien**
Spokane County Prosecutor's Office
1100 W Mallon
Spokane, WA 99260
509-477-5764
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

### Pending Counts

21:846 CONSPIRACY TO POSSESS
WITH INTENT TO DISTRIBUTE
AND DISTRBUTE
METHAMPETAMINE,
AMPHETAMINE, AND COCAINE
(1ss)

21:841(a)(1) and 18:2 POSSESS WITH
INTENT TO DISTRIBUTE
METHAMPHETAMINE
(12ss)

### Disposition

Impr 150 mos; Supervised Release 5
yrs; Fine waived; Special Assessment
$200

Impr 150 mos; Supervised Release 5
yrs; Fine waived; Special Assessment
$200

### Highest Offense Level (Opening)

Felony

### Terminated Counts

21:846 CONSPIRACY TO POSSESS
WITH INTENT TO DISTRIBUTE
AND DISTRIBUTE
METHAMPHETAMINE AND

### Disposition

All remaining counts are DISMISSED

COCAINE
(1)

21:846 CONSPIRACY TO POSSESS
WITH INTENT TO DISTRIBUTE
AND DISTRIBUTE
METHAMPHETAMINE,                                    All remaining counts are DISMISSED
AMPHETAMINE, AND COCAINE
(1s)

21:841(a)(1) and 18:2 DISTRIBUTION
OF METHAMPHETAMINE                                  All remaining counts are DISMISSED
(2-5)

21:841(a)(1) and 18:2 POSSESS WITH
INTENT TO DISTRIBUTE
METHAMPHETAMINE                                     All remaining counts are DISMISSED
(2s)

21:841(a)(1) and 18:2 POSSESS WITH
INTENT TO DISTRIBUTE
METHAMPHETAMINE                                     All remaining counts are DISMISSED
(2ss)

21:841(a)(1) and 18:2 POSSESS WITH
INTENT TO DISTRIBUTE COCAINE                        All remaining counts are DISMISSED
(3s)

21:841(a)(1) and 18:2 POSSESS WITH
INTENT TO DISTRIBUTE COCAINE                        All remaining counts are DISMISSED
(3ss)

21:841(a)(1) POSSESS WITH INTENT
TO DISTRIBUTE AMPHETAMINE                           All remaining counts are DISMISSED
(4s)

21:841(a)(1) and 18:2 POSSESS WITH
INTENT TO DISTRIBUTE
AMPHETAMINE                                         All remaining counts are DISMISSED
(4ss)

21:841(a)(1) and 18:2 DISTRIBUTION
OF METHAMPHETAMINE                                  All remaining counts are DISMISSED
(5s-8s)

21:841(a)(1) and 18:2 DISTRIBUTION
OF METHAMPHETAMINE                                  All remaining counts are DISMISSED
(5ss-7ss)

21:841(a)(1) and 18:2 POSSESS WITH
INTENT TO DISTRIBUTE
METHAMPHETAMINE                                     All remaining counts are DISMISSED
(6-7)

21:841(a)(1) AND 18:2 POSSESS
WITH INTENT TO DISTRIBUTE
COCAINE                                             All remaining counts are DISMISSED
(8-9)

21:841(a)(1) and 18:2 POSSESS WITH
INTENT TO DISTRIBUTE
METHAMPHETAMINE
(8ss-9ss)

All remaining counts are DISMISSED

21:841(a)(1) and 18:2 POSSESS WITH
INTENT TO DISTRIBUTE
METHAMPHETAMINE
(9s-10s)

All remaining counts are DISMISSED

21:841(a)(1) and 18:2 POSSESS WITH
INTENT TO DISTRIBUTE
METHAMPHETAMINE
(10-11)

All remaining counts are DISMISSED

21:841(a)(1) and 18:2 POSSESS WITH
INTENT TO DISTRIBUTE COCAINE
(10ss)

All remaining counts are DISMISSED

21:841(a)(1) and 18:2 POSSESS WITH
INTENT TO DISTRIBUTE COCAINE
(11s)

All remaining counts are DISMISSED

21:841(a)(1) and 18:2 POSSESS WITH
INTENT TO DISTRIBUTE
METHAMPHETAMINE
(11ss)

All remaining counts are DISMISSED

21:843(b) AND 18:2 USE OF A
COMMUNICATION FACILITY IN A
DRUG TRAFFICKING CRIME
(12-15)

All remaining counts are DISMISSED

21:841(a)(1) and 18:2 POSSESS WITH
INTENT TO DISTRIBUTE
METHAMPHETAMINE
(12s-13s)

All remaining counts are DISMISSED

21:841(a)(1) and 18:2 POSSESS WITH
INTENT TO DISTRIBUTE
AMPHETAMINE
(13ss)

All remaining counts are DISMISSED

21:841(a)(1) POSSESS WITH INTENT
TO DISTRIBUTE AMPHETAMINE
(14s)

All remaining counts are DISMISSED

21:843(b) and 18:2 USE OF
COMMUNICATION FACILITY IN A
DRUG TRAFFICKING CRIME
(14ss-17ss)

All remaining counts are DISMISSED

21:843(b) and 18:2 USE OF
COMMUNICATION FACILITY IN A
DRUG TRAFFICKING CRIME
(15s-18s)

All remaining counts are DISMISSED

18:924(c)(1) USE OF FIREARM IN A

DRUG TRAFFICKING CRIME
(18ss)

All remaining counts are DISMISSED

### Highest Offense Level (Terminated)

Felony

### Complaints

None

### Disposition

---

### Plaintiff

**USA**

represented by **Earl Allan Hicks**
U S Attorney's Office - SPO
920 W Riverside Suite 300
P O Box 1494
Spokane, WA 99210-1494
509-353-2767
Fax: 4623866
Email:
USAWAE.EHicksECF@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/11/1997 | 1 | INDICTMENT by USA Earl A Hicks. Cheryl M Rogers counts 1, 2-5, 6-7, 8-9, 10-11, 12-15 (S/CI) (AUSA SEEKS DETENTION) (VR) (Entered: 02/14/1997) |
| 02/11/1997 | | ARREST Warrant issued by Magistrate Judge Cynthia Imbrogno Bond amount: AUSA SEEKS DETENTION (VR) (Entered: 02/14/1997) |
| 02/18/1997 | | MINUTES: Hearing Location: Spokane CR/ER: Tape 97-6 1120-1470 before Magistrate Judge Cynthia Imbrogno ARRAIGNMENT; dft Cheryl M Rogers arraigned; not guilty plea entered Attorney present; (VR) (Entered: 02/20/1997) |
| 02/19/1997 | | MINUTES: Hearing Location: Spokane CR/ER: Tape 97-7; 97-8; 97-9 before Magistrate Judge Cynthia Imbrogno detention hearing held (VR) (Entered: 02/20/1997) |
| 02/20/1997 | 2 | ARREST Warrant returned executed as to defendant Cheryl M Rogers ; defendant arrested on 2/18/97 (VR) (Entered: 02/20/1997) |
| 02/20/1997 | 3 | MOTION by USA for detention hearing (VR) (Entered: 02/20/1997) |
| 02/20/1997 | 4 | ACKNOWLEDGEMENT of notice of rights (VR) (Entered: 02/20/1997) |
| 02/20/1997 | 5 | ORDER of Temporary Detention pending hearing pursuant to Bail Reform Act by Magistrate Judge Cynthia Imbrogno (granting motion for detention hearing [3-1] detention hrg set before Magistrate Judge Cynthia Imbrogno 4:00 2/19/97 |

|  |  | Spokane, WA) (cc: USA, USM, Prob, Atty) (VR) (Entered: 02/20/1997) |
|---|---|---|
| 02/20/1997 | 6 | ORDER regarding discovery, pretrial motions, conflict of interest by Magistrate Judge Cynthia Imbrogno (cc: USA, ATTY) (VR) (Entered: 02/20/1997) |
| 02/20/1997 | 7 | ORDER of Detention by Magistrate Judge Cynthia Imbrogno (cc: USA, USM, Prob, Atty) (VR) (Entered: 02/20/1997) |
| 02/26/1997 |  | Criminal Status Conference Notice ;pretrial conf set 9:00 3/24/97 for Cheryl M Rogers Spokane, WA ; jury trial set 1:30 4/21/97 for Cheryl M Rogers Spokane, WA (FmrEmp) (Entered: 02/26/1997) |
| 02/28/1997 | 8 | MOTION by defendant for revocation or amendment of detention pursuant to 18 USC 3145(B) (VR) Modified on 03/14/1997 (Entered: 03/03/1997) |
| 03/04/1997 | 9 | NOTICE of APPEARANCE of Attorney for Cheryl M Rogers by Brian Clayton O'Brien (VR) (Entered: 03/04/1997) |
| 03/06/1997 | 10 | NOTICE of revised setting on by Cheryl M Rogers Defendant's motion for revocation or amnedment of detention [8-1] at 2:30 3/14/97 (VR) (Entered: 03/07/1997) |
| 03/07/1997 |  | Courtroom Deputy Modification (Utility Event) setting motion for revocation or amnedment of detention pursuant to 18 USC 3145(B) [8-1] at 2:30 3/14/97 (FmrEmp) (Entered: 03/07/1997) |
| 03/13/1997 | 11 | INFORMATION by plaintiff USA to establish prior conviction by USA (VR) (Entered: 03/13/1997) |
| 03/14/1997 | 12 | MEMORANDUM by defendant Cheryl M Rogers regarding motion for revocation or amendment of detention pursuant to 18 USC 3145(B) [8-1] (VR) (Entered: 03/14/1997) |
| 03/14/1997 |  | Courtroom Deputy Modification (Utility Event) setting motion for revocation or amendment of detention pursuant to 18 USC 3145(B) [8-1] at 1:30 3/18/97 (FmrEmp) (Entered: 03/14/1997) |
| 03/14/1997 |  | MINUTES: Hearing Location: Spokane CR/ER: Topper Baker before Chief Judge Wm. Fremming Nielsen Appeal re: detention - cont. to 3/18/97 @1:30 (VR) (Entered: 03/17/1997) |
| 03/17/1997 | 13 | REPORTER'S TRANSCRIPT FILED. CR : Electronic Recorded - Topper Baker prepared transcript Judge Cynthia Imbrogno City : Spokane for date of 2/19/97 Type of Proceeding: Detention (VR) (Entered: 03/17/1997) |
| 03/19/1997 |  | MINUTES: Hearing Location: Spokane CR/ER: Topper Baker before Chief Judge Wm. Fremming Nielsen Appeal of detention hearing held - Court reserves ruling (VR) (Entered: 03/19/1997) |
| 03/24/1997 | 14 | MOTION by defendant for discovery and inspection (VR) (Entered: 03/24/1997) |
| 03/24/1997 | 15 | MOTION by defendant to extend time to file motions (VR) (Entered: 03/24/1997) |
|  |  |  |

| 03/24/1997 | 16 | ORDER by Chief Judge Wm. Fremming Nielsen denying motion for revocation or amendment of detention pursuant to 18 USC 3145(B) [8-1] (cc: all counsel) (BA) (Entered: 03/24/1997) |
|---|---|---|
| 03/24/1997 | | MINUTES: Hearing Location: Spokane CR: Mr. Baker before Chief Judge Wm. Fremming Nielsen pretrial conference held (BA) (Entered: 03/25/1997) |
| 03/24/1997 | 17 | WAIVER of Speedy Trial by defendant Cheryl M Rogers (4/19/97 to 5/19/97) (BA) (Entered: 03/25/1997) |
| 03/26/1997 | 18 | ORDER by Chief Judge Wm. Fremming Nielsen (IT IS ORDERED Def's motion to extend time to file motions is GRANTED [15-1] Final pretrial conf set 9:00 5/6/97 Spokane, WA; jury trial set 1:30 5/19/97 Spokane, WA , All time from 4/21/97 - 5/19/97 & 3/14/97 - 3/24/97 is EXCLUDED;) (cc: all counsel) (VR) Modified on 03/26/1997 (Entered: 03/26/1997) |
| 04/09/1997 | 19 | SUPERSEDING INDICTMENT Cheryl M Rogers counts 1s, 2s, 3s, 4s, 5s-8s, 9s-10s, 11s, 12s-13s, 14s, 15s-18s (S/FVS) (hold w/out bond) (VR) (Entered: 04/14/1997) |
| 04/14/1997 | 20 | MOTION by defendant for severance of counts , and defendants, additional peremptory challenges and memorandum in support of these motions (VR) (Entered: 04/14/1997) |
| 04/14/1997 | 21 | MOTION by defendant to suppress evidence seized pursuant to illegal search warrant , and for Franks Hearing (VR) (Entered: 04/14/1997) |
| 04/18/1997 | | MINUTES: Hearing Location: Spokane CR/ER: Tape 97-22 2745-end before Magistrate Judge Lonny R. Suko - Deft arraigned on superseding indictment (VR) (Entered: 04/18/1997) |
| 04/18/1997 | 22 | ACKNOWLEDGEMENT of notice of rights (VR) (Entered: 04/18/1997) |
| 04/18/1997 | 23 | ORDER on Plea by Magistrate Judge Lonny R. Suko (cont custody per order of 2/20/97) (cc: USA, USM, Prob, Atty) (VR) (Entered: 04/18/1997) |
| 04/30/1997 | 24 | RESPONSE by plaintiff USA to Defendant's motion to suppress [21-1], and for a Franks Hearing [21-2] (VR) (Entered: 04/30/1997) |
| 04/30/1997 | 25 | RESPONSE by plaintiff USA to Defendant's motion for severance of counts [20-1], and defendants additional peremptory challenges [20-2] (VR) (Entered: 05/01/1997) |
| 05/05/1997 | 26 | RESPONSE by USA to motion for discovery and inspection [14-1] (FmrEmp) (Entered: 05/08/1997) |
| 05/06/1997 | | MINUTES: Hearing Location: Spokane CR/ER: Topper Baker before Chief Judge Wm. Fremming Nielsen. Pretrial conf cont'd to 8:00 5/23/97 for Cheryl M Rogers Spokane, WA (FmrEmp) (Entered: 05/07/1997) |
| 05/15/1997 | 27 | ORDER by Chief Judge Wm. Fremming Nielsen (IT IS ORDERED All pending motions to be heard 5/23/97 @8:00, Spokane, WA ; Final Pretrial conf set 11:00 6/2/97 Spokane, WA ; Jury trial of 5/19/97 is STRICKEN AND RESET to 1:30 6/2/97 Spokane, WA ;) (cc: all counsel) (VR) (Entered: 05/15/1997) |

| 05/23/1997 | | MINUTES: Hearing Location: Spokane CR/ER: Topper Baker before Chief Judge Wm. Fremming Nielsen ; in-court hearing held (VR) (Entered: 05/27/1997) |
|---|---|---|
| 05/27/1997 | 28 | REPORTER'S TRANSCRIPT FILED. CR : Topper Baker Judge Wm. Fremming Nielsen City : Spokane for date of 3/19/97 Type of Proceeding: Motions (See CR-97-22 for transcript) (VR) (Entered: 05/27/1997) |
| 05/27/1997 | 29 | REPORTER'S TRANSCRIPT FILED. CR : Topper Baker Judge Wm. Fremming Nielsen City : Spokane for date of 5/6/97 Type of Proceeding: Pretrial Motions (See CR-97-22 for transcript) (VR) (Entered: 05/27/1997) |
| 05/28/1997 | 30 | ORDER by Chief Judge Wm. Fremming Nielsen (IT IS ORDERED Ruling on motion to suppress evidence seized pursuant to illegal search warrant [21-1] is reserved, Ruling on motion and for Franks Hearing [21-2] is reserved, denying motion for severance of counts [20-1], granting motion and defendants, additional peremptory challenges [20-2], denying motion for discovery and inspection [14-1] Jury trial date of 6/2/97 is STRICKEN AND RESET to 1:30 6/16/97 Spokane, WA , Pretrial Conf hrg before Chief Judge Wm. Fremming Nielsen 9:00 6/5/97 Spokane, WA , All time from 4/14/97 - 6/5/97 is EXCLUDED;) (cc: all counsel) (VR) (Entered: 05/28/1997) |
| 05/28/1997 | 31 | REPLY by defendant Cheryl M Rogers regarding defendant's motion to suppress evidence seized pursuant to illegal search warrantd and for a Franks hearing [21-1], [21-2] (VR) (Entered: 05/28/1997) |
| 06/02/1997 | 32 | REPORTER'S TRANSCRIPT FILED. CR : Topper Baker Judge Wm. Fremming Nielsen City : Spokane for date of 5/23/97 Type of Proceeding: Pretrial Conf & Testimony of Joe Pass (See CR-97-22 for transcript) (VR) (Entered: 06/02/1997) |
| 06/05/1997 | 33 | PROPOSED Voir Dire by defendant Cheryl M Rogers question to prespective juror (VR) (Entered: 06/05/1997) |
| 06/05/1997 | 34 | PROPOSED Jury Instructions by Cheryl M Rogers (VR) (Entered: 06/05/1997) |
| 06/05/1997 | 35 | REPORTER'S TRANSCRIPT FILED. CR : Topper Baker Judge Wm. Fremming Nielsen City : Spokane for date of 5/23/97 Type of Proceeding: Testimony of Joe Pass (see CR-97-22 for transcript) (VR) (Entered: 06/05/1997) |
| 06/05/1997 | | MINUTES: Hearing Location: Spokane CR/ER: Mia Bohn before Chief Judge Wm. Fremming Nielsen in-court/Franks hearing held (VR) (Entered: 06/09/1997) |
| 06/06/1997 | | MINUTES: Hearing Location: Spokane CR/ER: Mia Bohn before Chief Judge Wm. Fremming Nielsen - continued Franks Hearing held (VR) (Entered: 06/09/1997) |
| 06/09/1997 | 36 | ORDER by Chief Judge Wm. Fremming Nielsen (IT IS ORDERED denying motion to suppress evidence seized pursuant to illegal search warrant [21-1], granting motion and for Franks Hearing [21-2] jury trial is RESET to 1:30 7/21/97 Spokane, WA All time from 6/16/97 - 7/21/97 is EXCLUDED;), (cc: all counsel) (VR) (Entered: 06/09/1997) |

| 06/10/1997 | 37 | SUPERSEDING INDICTMENT Cheryl M Rogers counts 1ss, 2ss, 3ss, 4ss, 5ss-7ss, 8ss-9ss, 10ss, 11ss-12ss, 13ss, 14ss-17ss, 18ss (S/CI) (VR) (Entered: 06/11/1997) |
|---|---|---|
| 06/11/1997 | 38 | ORDER of reassignment by Chief Judge Wm. Fremming Nielsen reassign to Judge Robert H. Whaley (cc: all counsel & Judge Whaley) (VR) (Entered: 06/11/1997) |
| 06/13/1997 | 39 | SCHEDULING ORDER by Judge Robert H. Whaley motions to be filed by 7/26/97; status hrg set 9:00 6/27/97 in Spokane, WA; jury trial reset 9:00 7/21/97 in Spokane, WA; counsel to meet in chambers @ 8:30 7/21/97 (cc: all counsel) (SAP) (Entered: 06/16/1997) |
| 06/13/1997 | | MINUTES: Hearing Location: Spokane CR/ER: Tape 97-36 (300-800) before Magistrate Judge Cynthia Imbrogno ; arraignment re Superseding Indictment; not guilty plea entered (SAP) (Entered: 06/16/1997) |
| 06/16/1997 | 40 | ACKNOWLEDGEMENT of notice of rights (SAP) (Entered: 06/16/1997) |
| 06/16/1997 | 41 | ORDER on Plea by Magistrate Judge Cynthia Imbrogno - motions to be filed by 6/26/97; pretrial conf set 6/27/97 before Judge Whaley; deft to remain in custody per court order of 2/20/97 (cc: all counsel) (SAP) (Entered: 06/16/1997) |
| 06/17/1997 | 42 | ORDER by Judge Robert H. Whaley - court's order of 6/13/97 [39-1] is AMENDED as to pretrial motions to be filed by 6/26/97; govt to comply w/order of 5/28/97; parties to notify court of unresolved motions by 6/24/97 (cc: all counsel) (SAP) (Entered: 06/17/1997) |
| 06/26/1997 | 43 | MOTION by defendant for severance of counts & memorandum in support of these motions (SAP) (Entered: 06/26/1997) |
| 07/01/1997 | | MINUTES: Hearing Location: Spokane CR/ER: Mia Bohn before Judge Robert H. Whaley pretrial conference held (SAP) (Entered: 07/02/1997) |
| 07/01/1997 | 44 | ORDER Allowing Examination & Testing of Drug Evidence by Judge Robert H. Whaley (cc: all counsel) (SAP) (Entered: 07/02/1997) |
| 07/03/1997 | 45 | PRETRIAL ORDER by Judge Robert H. Whaley ; pretrial conf set 9:00 7/11/97 in Spokane, WA; trl br/wit lst/vd/jy instr due by 7/11/97; courtrm dep to prep list of jurors on 7/17/97 at 12:00 in Spokane, WA (cc: all counsel) (SAP) (Entered: 07/03/1997) |
| 07/03/1997 | 46 | RESPONSE by plaintiff to motion for severance of counts [43-1] (SAP) (Entered: 07/03/1997) |
| 07/10/1997 | 47 | RETURN ON SUBPOENA by plaintiff USA for Deputy Salas x 2 to appear on : 7/11/97 (VR) (Entered: 07/14/1997) |
| 07/11/1997 | | MINUTES: Hearing Location: Spokane CR/ER: Debra Clark before Judge Robert H. Whaley pretrial conference held (SAP) (Entered: 07/15/1997) |
| 07/14/1997 | 48 | PROPOSED Voir Dire by plaintiff (SAP) (Entered: 07/15/1997) |
| 07/14/1997 | 49 | PROPOSED Jury Instructions by USA (SAP) (Entered: 07/15/1997) |

| 07/15/1997 | 50 | PRETRIAL ORDER by Judge Robert H. Whaley denying motion for severance of counts [43-1]; denying motion for Bill of Particulars [43-1] (cc: all counsel) (SAP) Modified on 07/15/1997 (Entered: 07/15/1997) |
| 07/21/1997 | 51 | ORDER Continuing Trial by Judge Robert H. Whaley - jury trial of 7/21/97 is STRICKEN & RESET to 9:00 7/28/97 in Spokane, WA . Speedy trial time from 7/16/97 to 7/21/97 & from 7/18/97 to 7/28/97 are EXCLUDED (cc: all counsel) (SAP) (Entered: 07/23/1997) |
| 07/21/1997 | | MINUTES: Hearing Location: Spokane CR/ER: Mark Snover before Judge Robert H. Whaley change of plea hearing held (SAP) (Entered: 07/23/1997) |
| 07/22/1997 | 52 | PLEA Agreement (cc:all counsel) (SAP) (Entered: 07/23/1997) |
| 07/22/1997 | 53 | ORDER Accepting Guilty Plea by Judge Robert H. Whaley; deft enters guilty plea to Cts. 1 & 12 of Superseding Indictment filed 6/10/97 ; jury trial vacated (cc: all counsel) (SAP) (Entered: 07/23/1997) |
| 07/22/1997 | 54 | ORDER by Judge Robert H. Whaley Setting Schedule for Guideline Sentencing; sentencing set 3:00 10/2/97 in Spokane, WA; deft is detained per previous court order; evidentiary hearing set 9/29/97 at 9:00 in Spokane, WA if issues of fact are disputed re PSI report (cc:USA, atty, USM, PROB) (SAP) (Entered: 07/23/1997) |
| 07/25/1997 | 55 | REPORTER'S TRANSCRIPT FILED. CR: Mia Bohn before Judge Wm. Fremming Nielsen in City: Spokane, WA for date of 6/5/97 Type of Proceeding: Excerpt of Proceedings re Motions/Motion to Suppress, Vol. I [See Expando File in CR-97-022-RHW] (SAP) (Entered: 07/29/1997) |
| 07/25/1997 | 56 | REPORTER'S TRANSCRIPT FILED. CR: Mia Bohn before Judge Wm. Fremming Nielsen in City: Spokane, WA for date of 6/6/97 Type of Proceeding: Excerpt of Proceedings re Motions/Motion to Suppress, Vol. II [See Expando File in CR-97-022-RHW] (SAP) (Entered: 07/29/1997) |
| 08/07/1997 | 57 | REPORTER'S TRANSCRIPT FILED. CR : Topper Baker Judge Wm. Fremming Nielsen City : Spokane for date of 5/23/97 Type of Proceeding: Pretrial & Motions (see CR-97-22 for transcript) (VR) (Entered: 08/07/1997) |
| 08/25/1997 | 58 | ORDER by Judge Robert H. Whaley sealing USA memo of 7/11/97, submitted for in camera review (cc: all counsel) (SAP) (Entered: 08/27/1997) |
| 08/25/1997 | 59 | RESERVED DOCUMENT for court use only (SAP) (Entered: 08/27/1997) |
| 09/17/1997 | 60 | NOTICE of Review of Presentence Investigation Report by plaintiff (SAP) (Entered: 09/18/1997) |
| 09/17/1997 | 61 | MOTION & Memorandum in Support by defendant for sentencing departure (SAP) (Entered: 09/18/1997) |
| 09/22/1997 | 62 | RESPONSE by defendant to govt's objections [60-1] (SAP) (Entered: 09/23/1997) |
| 09/24/1997 | 63 | RESPONSE by plaintiff to motion for sentencing departure [61-1] (SAP) (Entered: 09/25/1997) |
| | | |

| 09/26/1997 | 64 | STATEMENT of defendant Cheryl M Rogers re: motion for sentencing departure [61-1] (SAP) (Entered: 09/29/1997) |
|---|---|---|
| 09/29/1997 | 65 | REPORTER'S TRANSCRIPT FILED. CR: Debra Clark before Judge Robert H Whaley in City: Spokane, WA for date of 7/11/97 Type of Proceeding: Pretrial Motions Hearing [See Expando File in CR-97-022-RHW] (SAP) (Entered: 10/01/1997) |
| 10/02/1997 | 66 | RETURN ON SUBPOENAS x 2 by plaintiff for Bart Ottosen & Lori Anthony to appear on: 10/2/97 @ 1:30 (SAP) (Entered: 10/03/1997) |
| 10/02/1997 | | MINUTES: Hearing Location: Spokane CR/ER: Debra Clark before Judge Robert H. Whaley ; evidentiary hearing held; hearing continued to 10/3/97 @ 8:30 (SAP) (Entered: 10/09/1997) |
| 10/03/1997 | | MINUTES: Hearing Location: Spokane CR/ER: Debra Clark before Judge Robert H. Whaley evidentiary hearing continued; hearing continued to 10/6/97 @ 9:00 (SAP) (Entered: 10/09/1997) |
| 10/06/1997 | | MINUTES: Hearing Location: Spokane CR/ER: Debra Clark before Judge Robert H. Whaley ; evidentiary hearing continued (SAP) (Entered: 10/09/1997) |
| 10/06/1997 | 67 | STIPULATION by parties that defendant Cheryl Rogers was in custody in Spokane County Jail from 11/18/96 to 12/23/96 (SAP) (Entered: 10/10/1997) |
| 10/10/1997 | | Courtroom Deputy Modification (Utility Event) ;sentencing hrg set 2:00 10/16/97 for Cheryl M Rogers Spokane, WA (MF) (Entered: 10/10/1997) |
| 10/10/1997 | 68 | ORDER by Judge Robert H. Whaley - Exhibit 127 is admitted as evidence only as to deft Lamere (cc: all counsel) (SAP) (Entered: 10/14/1997) |
| 10/16/1997 | 69 | REPORTER'S TRANSCRIPT FILED. CR: Debra Clark before Judge Robert H Whaley in City: Spokane, WA for date of 10/3/97 Type of Proceeding: Testimony of Debbra Cochran [See Expando File in CR-97-022-RHW] (SAP) (Entered: 10/17/1997) |
| 10/16/1997 | 70 | REPORTER'S TRANSCRIPT FILED. CR: Debra Clark before Judge Robert H Whaley in City: Spokane, WA for date of 10/2/97 Type of Proceeding: Testimony of Bart Ottosen, Laurie Anthony & Debbra Cochran [See Expando File in CR-97-022-RHW] (SAP) (Entered: 10/17/1997) |
| 10/16/1997 | | MINUTES: Hearing Location: Spokane CR/ER: Debra Clark before Judge Robert H. Whaley sentencing hearing held (SAP) (Entered: 10/17/1997) |
| 10/23/1997 | 71 | SENTENCING ORDER by Judge Robert H. Whaley CrOB-59-43 (cc: all counsel) (SAP) (Entered: 10/24/1997) |
| 10/28/1997 | 72 | JUDGMENT sentencing Cheryl M Rogers counts 1ss & 12ss. Impr 150 mos; Supervised Release 5 yrs; Fine waived; Special Assessment $200 . Court recommends that deft receive substance abuse treatemnt & counseling. Counts 1s, 1, 2ss, 2s, 2-5, 3ss, 3s, 4ss, 4s, 5ss-7ss. Deft is remanded to custody of USM. CrOB-59-52 case terminated (cc: USA, USM, PROB, ATTY) (FmrEmp) (Entered: 10/29/1997) |
| 11/06/1997 | 73 | AMENDED JUDGMENT [72-4] CROB: 59-75 correction due to clerical |

| | | mistake re pled guilty to counts SS1 & SS12 on Page 1 of jgm. (cc: USA, USM, PROB, ATTY) (SAP) (Entered: 11/06/1997) |
|---|---|---|
| 11/19/1997 | 74 | REPORTER'S TRANSCRIPT FILED. CR : Debra Clark Judge Robert H. Whaley City : Spokane, WA for date of 10/2/97 Type of Proceeding: Evidentiary Hearing, Vol 1 of 4, pgs 1-161 [See Expando File in CR-97-022-RHW] (SAP) (Entered: 11/20/1997) |
| 11/19/1997 | 75 | REPORTER'S TRANSCRIPT FILED. CR : Debra Clark Judge Robert H. Whaley City : Spokane, WA for date of 10/3/97 Type of Proceeding: Evidentiary Hearing, Vol 2 of 4, pgs 162-338 [See Expando File in CR-97-022-RHW] (SAP) (Entered: 11/20/1997) |
| 11/19/1997 | 76 | REPORTER'S TRANSCRIPT FILED. CR : Debra Clark Judge Robert H. Whaley City : Spokane, WA for date of 10/6/97 Type of Proceeding: Evidentiary Hearing, Vol 3 of 4, pgs 339-456 [See Expando File in CR-97-022-RHW] (SAP) (Entered: 11/20/1997) |
| 11/19/1997 | 77 | REPORTER'S TRANSCRIPT FILED. CR : Debra Clark Judge Robert H. Whaley City : Spokane, WA for date of 10/6/97 Type of Proceeding: Evidentiary Hearing, Vol 4 of 4, pgs 457-615 [See Expando File in CR-97-022-RHW] (SAP) (Entered: 11/20/1997) |
| 12/03/1997 | 78 | REPORTER'S TRANSCRIPT FILED. CR: Mia Bohn before Judge Robert H. Whaley City : Spokane, WA for date of 7/11/97 Type of Proceeding: Pretrial Conference/Motion Hearing [See Expando File in CR-97-022-RHW] (SAP) (Entered: 12/04/1997) |
| 12/03/1997 | 79 | REPORTER'S TRANSCRIPT FILED. CR : Topper Baker Judge Wm. Fremming Nielsen City : Spokane for date of 3/24/97 Type of Proceeding: Pretrial & Motions Hearing (See CR-97-22 for transcript) (VR) (Entered: 12/05/1997) |
| 12/19/1997 | 80 | REPORTER'S TRANSCRIPT FILED. CR : Electronically recordered, prepared by Debra Clark Judge Cynthia Imbrogno & Lonny Suko City Spokane for date of 2/18, 2/19 & 4/18/97 Type of Proceeding: Arraignment, Detention Hrg & Arraignment on superseding Indictment (see CR-97-27 for transcript) (VR) (Entered: 12/19/1997) |
| 02/26/1998 | 81 | REPORTER'S TRANSCRIPT FILED. CR : Debra Clark Judge Robert H Whaley City : Spokane, WA for date of 10/16/97 Type of Proceeding: Sentencing Hearing [See Expando File] (SAP) (Entered: 02/27/1998) |
| 03/02/1998 | 82 | REPORTER'S TRANSCRIPT FILED. CR : Mark Snover Judge Robert H Whaley City : Spokane, WA Date: 7/21/97 Type of Proceeding : Change of Plea Hearing [See Expando File in CR-97-027-RHW] (SAP) (Entered: 03/03/1998) |
| 06/10/1998 | | SPECIAL ASSESSMENT - $25.00 paid (BOP). (SW) (Entered: 07/27/1998) |
| 09/11/1998 | | SPECIAL ASSESSMENT - $25.00 paid (BOP). (SW) (Entered: 10/08/1998) |
| 12/09/1998 | | SPECIAL ASSESSMENT - $25.00 paid (BOP). (SW) (Entered: 01/13/1999) |
| | | |

| 03/10/1999 | | SPECIAL ASSESSMENT - $25.00 paid (BOP). (SW) (Entered: 04/20/1999) |
|---|---|---|
| 06/10/1999 | | SPECIAL ASSESSMENT - $25.00 paid (BOP). (SW) (Entered: 07/20/1999) |
| 09/09/1999 | | SPECIAL ASSESSMENT - $25.00 paid (BOP). (SW) (Entered: 10/07/1999) |
| 12/13/1999 | | SPECIAL ASSESSMENT - $25.00 paid (BOP). (SW) (Entered: 01/12/2000) |
| 03/13/2000 | | SPECIAL ASSESSMENT - $25.00 paid in full (BOP). (SW) (Entered: 05/23/2000) |
| 03/13/2008 | 83 | REQUEST/ORDER MODIFYING THE CONDITIONS OR TERM OF SUPERVISION WITH CONSENT OF THE OFFENDER (Waiver of Hearing is Attached) as to Cheryl M Rogers. Signed by Judge Fred Van Sickle. (Attachments: # 1 Waiver of Hearing) (LE, Case Administrator) (Entered: 03/13/2008) |
| 04/22/2008 | 84 | Supervised Release Jurisdiction Transferred to Northern District of California as to Cheryl M Rogers. (VR, Case Administrator) (Entered: 04/22/2008) |
| 04/30/2008 | 86 | Letter from Virginia Reisenauer, Deputy Clerk, USDC Clerk's Office to USDC Northern District of California dated April 30, 2008 as to Cheryl M Rogers - transfer of jurisdiction docs. (VR, Case Administrator) (Entered: 04/30/2008) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 04/30/2008 11:33:13 | | | |
| **PACER Login:** | us4516 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:97-cr-00028-RHW |
| **Billable Pages:** | 9 | **Cost:** | 0.72 |